UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PETER MORGAN,

      Plaintiff,               Civil Action No. 12-12071

          v.               District Judge Paul D. Borman
                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

### REPORT AND RECOMMENDATION RE: ATTORNEY FEES

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On September 3, 2013, I filed a Report and Recommendation ("R&R") [Doc. #24], recommending that the Plaintiff's motion for summary be granted, and that the case be remanded. Neither party filed objections. On October 31, 2013, this Court entered judgment in favor of the Plaintiff, remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g) [Doc. #25]. Before the Court at this time is the Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #26], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Plaintiff's motion for attorney fees [Doc. #24] be DENIED.

-1-

## I.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes

enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir.

1986).  Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to
> a prevailing party other than the United States fees and other
> expenses...incurred by that party in any civil action (other than cases
> sounding in tort), including proceedings for judicial review of agency
> action, brought by or against the United States...unless the court finds the
> position of the United States was substantially justified or that special
> circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a

plaintiff who wins a Sentence Four remand directing further administrative proceedings is

a "prevailing party" within the meaning of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292,

301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  Thus, the question in the present case

is whether the position of the United States  was "substantially justified."  Under the

EAJA, the government has the ultimate burden of showing that its position was

substantially justified such as to support a denial of attorney fees.  *United States v. 0.376*

*Acres of Land*,  838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410,

419, fn. 7 (6th Cir. 2001).  The resolution of that question is addressed to the district

court's discretion.  *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d

490 (1988).

In *Pierce,* the Supreme Court defined the term "substantially justified" as "justified

to a degree that could satisfy a reasonable person." *Id*. at 565. In linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566. On the other hand, a successful plaintiff is not entitled to attorney fees simply because he or she won. The "substantially justified" standard does not "raise a presumption that the Government position was not substantially justified simply because it lost the case." *Howard v. Barnhart,* 376 F.3d 551, 554 (6th Cir.2004) (quoting *Scarborough v. Principi,* 541 U.S. 401, 415, 124 S.Ct. 1856, 158 L.Ed.2d 674(2004)). Rather, the test is whether the Commissioner's position was grounded in a reasonable belief in fact and law, notwithstanding that the denial of benefits was not supported by substantial evidence. *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). *See also Noble v. Barnhart,* 230 Fed.App'x. 517, 519 (6th Cir.2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action"); *Comm'r, INS v. Jean,* 496 U.S. 154, 161–162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items.").

-3-

## II.   DISCUSSION

Having won a Sentence Four remand, the Plaintiff is a "prevailing party" within the meaning of the EAJA.  The question, then, is whether the government's position in this appeal was substantially justified.  The Sixth Circuit has provided guidance on this issue in two recent decisions, *DeLong v. Commissioner of Soc. Sec.*, 748 F.3d 723 (6th Cir. 2014), and *Glenn v. Commissioner of Soc. Sec.*, __F.3d__, 2014 WL 3931081 (6th Cir. 2014).

In *DeLong*, the plaintiff won a remand for further administrative proceedings where the Administrative Law Judge ("ALJ") failed to provide "good reasons" for discounting the opinion of a treating physician, as required by 20 C.F.R. § 404.1527(c)(2). The district court rejected the plaintiff's other two issues. Finding that ALJ's decision was vacated based on procedural error rather than on substantive grounds, the Sixth Circuit held "that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *DeLong*, at 727.

In *Glenn*, the district court found that the Commissioner's position was substantially justified, denying a request for EAJA fees because "more than half" of the errors that the plaintiff raised on appeal were found to lack merit.  *Id*. at *2.  Finding this reasoning "contrary to law," specifically *Pierce v. Underwood, supra*, the Sixth Circuit reversed:

-4-

"*Pierce* does not reduce the 'substantially justified' standard to a matter of comparing the number of successful claims to unsuccessful claims in a single appeal. Rather, the question is whether the government's litigating position *in opposing remand* is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." *Id*. at 3 (emphasis in original).

Thus, the Court held that "[t]he inclusion of three unsuccessful claims in Glenn's petition for review did not undermine the inevitability of remand." *Id*.

Under *Glenn*, it is of no import that the Plaintiff failed to succeed on all but one of his issues.[1] The salient question is whether the Commissioner's position on the one successful claim was substantially justified.  Under *DeLong*, the answer is yes.

In this case, the Plaintiff won a remand because, as in *DeLong*, the ALJ failed to provide good reasons for the diminished weight he gave to a treating physician's opinion. In my R&R, which the district judge adopted, I concluded as follows:

"While the ALJ correctly pointed out that the 'issue of disability is reserved for the Commissioner,' as set forth in § 404.1527(d), that did not relieve the ALJ of the duty to provide "good reasons" for discounting Dr. Go's opinion as required by § 404.1527(c)(2).  Because the ALJ's reasons amounted, at best, to a debatable interpretation of a consultative opinion, a remand for a proper articulation of the treating physician analysis is warranted."

In *Glenn*, the Court distinguished *DeLong*, noting that *Glenn* was "not a case where remand was based only on the ALJ's failure to adequately explain his findings...," and that "[t]he errors go to the heart of Glenn's disability claim." *Id*. at *4.  However, as

---

[1] The Commissioner's response to the present motion, which relies in part on the district court decision in *Glenn*, was filed before the Sixth Circuit's opinion in that case.

was the situation in *DeLong*, the present case was remanded because the ALJ failed "to provide an adequate explanation for his findings...." *DeLong*, 748 F.3d at 727. Because the error was procedural rather than substantive, and because there was no other basis for the remand, the Commissioner's litigation position was substantially justified, and Plaintiff is therefore not entitled to EAJA fees.

It is with some reluctance that I make this recommendation. Plaintiff's counsel is an experienced and capable Social Security practitioner who vigorously represents his clients. His work in the present case was exemplary, and he obtained a fair result for the Plaintiff.  It is unfortunate that he will not be compensated, but under Sixth Circuit precedent, this one will be considered *pro bono*.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for attorney fees [Doc. #26] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Dated: August 27, 2014


                            CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 27, 2014, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen


                                        -7-