UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER MORGAN,

    Plaintiff,                               Civil Action No. 12-12071

       v.                                District Judge Paul D. Borman
                                         Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a Social Security Disability case. The case was remanded to the administrative level for further proceedings, where it was consolidated with Plaintiff Peter Morgan's companion case, E.D. Mich. Docket No. 14-11006, that case also having been remanded. Plaintiff now seeks attorney fees under 42 U.S.C. § 406(b). Specifically, the following motions are now before the Court, having been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B):

    -Petition for Approval of Section 406(b) Attorney Fees [Doc. #34].

    -Petition to Modify Petition for Approval of § 406(b) Fees [Doc. #40].

    -Revised Petition for Approval of § 406(b) Attorney Fees [Doc. #43].

    Defendant Commissioner does not oppose these motions. For the reasons

discussed below, I recommend that the Court GRANT original Petition [Doc. #34] subject to modification, GRANT the Motion to Modify Petition [Doc. #40], and GRANT the Revised Petition [Doc. #43], awarding a § 406(b) attorney fee in the amount of $6,152.58, with 50% ($3,076.29) being refunded to Plaintiff Peter Morgan pursuant to the Equal Access to Justice Act ("EAJA").

### DISCUSSION

Following a remand in this case under Sentence Four of 42 U.S.C. § 405(g), Plaintiff moved for attorney fees under the EAJA. The Court denied that motion based on *DeLong v. Commissioner of Soc. Sec.*, 748 F.3d 723 (6th Cir. 2014), finding that the error necessitating a remand was an "articulation error." However, in a companion case, E.D. Mich. Docket No. 14-11006, which was also remanded, the Court did award EAJA fees in the amount of $8,002.58. Both cases were joined on remand, and the Plaintiff was ultimately awarded $64,629.00 is past-due benefits.

Plaintiff entered into a 25% contingent fee agreement. In *Horenstein v. Sec'y of HHS*, 35 F.3d 261 (6th Cir. 1994), the Court held that each decisional entity–the District Court and the administrative tribunal–may award § 406(b) fees only for the work specifically done before it. Plaintiff requested $16,152.58 in § 406 attorney fees at the administrative level, and was awarded $10,000.00 for work performed at that level, under § 406(a). Plaintiff now seeks the balance of $6,152.58 to complete payment of the 25%

contingent fee, under § 406(b), for work done in this Court.[1]

Again, however, although Plaintiff did not receive EAJA fees in this case, he was awarded $8,002.58 in EAJA fees in the companion case. The Commissioner takes the position that an award of § 406(b) fees in this case would also apply to Case No. 14-11006, which would require Plaintiff's counsel "to refund the lesser of the portion of the § 406(b) fees attributable to that case under the Savings Clause of the Equal Access to Justice Act." *Defendant's Unopposed Motion to Stay Adjudication of Plaintiff's Petition for Attorney Fees* [Doc. #38], at 2, Pg. ID 733. Plaintiff agrees to that approach; therefore, apportioning 50% of the § 406(b) fees to this case (where no EAJA fees were awarded) and 50% to the Case No. 14-11006 (where EAJA fees were awarded), Plaintiff Peter Morgan is entitled to a refund of the § 406(b) fees attributable to the companion case, that amount being 50% of $6,152.58, or $3,076.29.[2] The Commissioner does not oppose this resolution.

---

[1] I find that the 25% contingent fee requested is well within what would be considered an appropriate fee under § 405(b), and would fairly compensate counsel without resulting in an unearned windfall. *See Hayes v. Sec'y of HHS*, 916 F.2d 351 (1990).

[2] Because no EAJA fees were awarded in this case, there is no offset of § 406(b) fees.

**CONCLUSION**

I recommend that the Court GRANT original Petition [Doc. #34] subject to modification, GRANT the Motion to Modify Petition [Doc. #40], and GRANT the Revised Petition [Doc. #43], awarding a § 406(b) attorney fee in the amount of $6,152.58, with 50% ($3,076.29) being refunded to Plaintiff Peter Morgan pursuant to the Equal Access to Justice Act.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 28, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla  
Case Manager to the  
Honorable R. Steven Whalen